### LOZEIN F. HILTON v. STATE OF NEBRASKA.

FILED JULY 12, 1900.  No. 11,455.

Verdict: INTEREST.  Interest is allowable on the amount found due by a verdict from the date of its rendition to the time judgment is entered thereon.

ERROR to the district court for Lancaster county.  Tried below before HOLMES, J.  *Affirmed.*

*E. Wakeley,* for plaintiff in error.

*C. J. Smyth, Attorney General, contra.*

NORVAL, C. J.

This cause was before us on a former occasion, when the judgment of the district court was reversed and the cause remanded with directions to the court below to

render a judgment on the verdict, and certify therein that Hilton was principal and that the other defendants were sureties. *Blaco v. State*, 58 Nebr., 557. After the mandate went down, the district court entered judgment on the verdict as rendered, including interest on the amount found due by the jury at 7 per cent from the date of the verdict to rendering of the first judgment.

The only error assigned is the including of interest in the judgment. Numerous authorities are cited to sustain the proposition that the allowance of interest was unauthorized. We refrain from considering the question anew, since the point has been twice passed upon by this court. *Fremont, E. & M. V. R. Co. v. Root*, 49 Nebr., 900; *Clark v. Missouri, Kansas & Texas Trust Co.*, 59 Nebr., 53.

The 8th paragraph of the syllabus of the case first cited reads: "Where the rendition of judgment on a verdict for the plaintiff in an action of contract or tort is delayed during the pendency of a motion for a new trial on behalf of defendant, it is not error to render judgment for the amount of the verdict and interest from its date to the date of rendition of judgment."

In the other cases cited there was a trial to the court, with a finding that a certain sum of money had been collected as rents by the defendant as mortgagee while in the possession of the mortgaged premises. The district court ignored this finding and rendered judgment for the defendant, which was reversed by this court and the cause remanded, when the trial court entered judgment on said finding for the plaintiff, including interest from the date of the finding. This action of the court below as to awarding interest was approved in an opinion by Sullivan, J. The allowance of interest on the amount found due by the verdict is in harmony with the decisions to which reference has been made, and the judgment is accordingly

AFFIRMED.